RECEIVED CLERK'S OFFICE
2017 AUG 10 A 9: 02
DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON SC

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

Orlando Parker, #*346628*,      )      Civil Action No. 16-3527-RMG
     )
         Petitioner,      )
     )
       v.      )      **ORDER AND OPINION**
     )
Bryan Stirling,      )
     )
         Respondent.      )
_____ )

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Respondent and dismissal of the petition for habeas relief under 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I.    <u>Background</u>

Petitioner was driving a vehicle on I-85 in Greenville, South Carolina when Officer Chi Blair stopped him for tailgating. Petitioner's girlfriend was a passenger in Petitioner's vehicle; Butts County, Georgia Deputy Sheriff Mike Broce was a passenger in Officer Blair's vehicle. During the stop, Petitioner told Officer Blair that his driver's license was under suspension. Officer Blair also noticed the smell of marijuana. He questioned Petitioner about the smell and Petitioner told Officer Blair that his girlfriend was hiding marijuana. She then produced a bag of marijuana from her trousers. Officer Blair and Deputy Broce then searched Petitioner's vehicle and found approximately two kilograms of cocaine taped inside a speaker box in the rear of the vehicle. Petitioner ultimately was convicted of cocaine trafficking and was sentenced to thirty years imprisonment.

Petitioner appealed his conviction to the South Carolina Court of Appeals, which affirmed the conviction. Petitioner then applied for post-conviction ("PCR") relief, which was denied. He appealed that denial with a certiorari petition to the South Carolina Supreme Court, which was denied. Petitioner then timely filed the present habeas action, which was referred to the Magistrate Judge by local rule. Petitioner asserts four grounds for relief: (1) trial counsel was ineffective for failing to research and investigate the facts of the case, (2) trial counsel was ineffective for not moving to suppress statements made by Petitioner without a *Miranda* warning, (3) trial counsel was ineffective for failing to object to the Georgia Deputy Sheriff's purportedly unauthorized presence in South Carolina and for "failing to interview and investigate the states witness," and (4) trial counsel was ineffective for failing to object to inadmissible hearsay and character evidence testimony. Respondent moved for summary judgment, and on June 14, 2017, the Magistrate Judge recommended granting summary judgment for Respondent. Petitioner timely filed objections to the Report and Recommendation.

## II.  Legal Standard

### A.  Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he

district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## B.    Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## C.  Habeas Corpus

### 1.  *Standard for Relief*

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).  Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also White*, 134 S. Ct. at 1702 (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Harrington*, 562 U.S. at 103).

Therefore, when reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and providing that "even clear error will not

suffice") (internal quotation marks and citation omitted). Moreover, review of a state court decision does not require an opinion from the state court explaining its reasoning. *See Harrington* at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102. And state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**2.**     ***Procedural Default***

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).

Generally, a federal habeas court should not review the merits of claims procedurally defaulted (or barred) under independent and adequate state procedural rules. *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## D.     Ineffective Assistance of Counsel

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the "'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*,

130 S. Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Id.* In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s 'deferential standards." *Id.*

Courts are reluctant to characterize tactical or strategic decisions by trial counsel as ineffective assistance. *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). A "strong presumption" exists that counsel's actions were the function of trial tactics and not "sheer neglect." *Harrington*, 131 S. Ct. at 790. This rule, however, is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2nd Cir. 2009) (omissions based upon "oversight, carelessness, ineptitude or laziness" cannot be explained as "trial strategy"); *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (a strategic choice made without a professionally competent investigation of the Petitioner's options is "erected upon . . . a rotten foundation" and is not entitled to deference).

## III.   Discussion

## A.   Ground One

In ground one, Petitioner asserts trial counsel was ineffective for failing to research and investigate the facts of the case. Specifically, he argues trial counsel failed to subpoena records from Officer Blair's police car or from the Drug Enforcement Administration. The Magistrate Judge recommends summary judgment for Respondent on this claim because the South Carolina courts did not unreasonably apply federal law when holding Petitioner failed to meet *Strickland*'s prejudice prong because he offered no evidence that those records would have been favorable to him. The Court agrees.

In his objections to the Report and Recommendation, Petitioner essentially argues the DEA was more involved in this case than trial counsel realized, because trial counsel's failure to investigate that aspect of this case. Petitioner, of course, was not stopped randomly. He was stopped as part of "a crackdown on drug activity in Greenville County" by a Greenville police officer who was working with a deputy sheriff from Georgia "as part of a joint task force." (Dkt. No. 12 at 2.) But the subjective motivation of law enforcement officers is not relevant to any issue in this case—police are allowed to use observation of an actual traffic violation as a pretext to stop a person suspected of criminal activity. *Whren v. United States*, 517 U.S. 806, 814 (1996). Petitioner has not alleged the existence of any evidence suggesting that Officer Blair never observed Petitioner committing a traffic offense, that, even after the driver admitted his license was suspended and after his passenger admitted she was concealing marijuana, there still was no probable cause to search Petitioner's vehicle, that officers did not in fact find two kilograms of cocaine in Petitioner's vehicle, or that the cocaine did not belong to Petitioner. Thus, Petitioner cannot satisfy *Strickland*'s prejudice prong and the state courts did not unreasonably apply federal law when so ruling.

**B.      Ground Two**

In ground two, Petitioner asserts trial counsel was ineffective for not moving to suppress statements made by Petitioner without a *Miranda* warning. The Magistrate Judge recommends summary judgment for respondent on this claim because Petitioner cannot meet *Strickland*'s prejudice prong, because Petitioner cannot show that failure to give a *Miranda* warning would have led to the suppression of the cocaine found in Petitioner's vehicle. The Court agrees. Petitioner merely argues that he was in custody when his vehicle was stopped and so he should have been given a *Miranda* warning. He identifies no statement made in the absence of *Miranda*

warnings that should have been suppressed. Indeed, when asked, Petitioner *denied* having cocaine in his vehicle. (*See* Dkt. No. 30 at 10.) The cocaine was discovered despite his denial.

## C.      Ground Three

In ground three, Petitioner asserts trial counsel was ineffective for failing to object to testimony from Deputy Broce because his participation in the traffic stop purportedly violated certain South Carolina statutes, and for "failing to interview and investigate the states witness" (apparently meaning Deputy Broce and possibly one other Georgia deputy sheriff (*see* Dkt. No. 12 at 26–28)). The Magistrate Judge recommends dismissing the claim relating to failure to object to testimony from a Georgia law enforcement officer present at the scene because the PCR court's ruling that Petitioner's argument is "without merit" is not unreasonable (and, consequently, trial counsel was not ineffective in failing to make this objection). The Court agrees. As the PCR court found, officers from different jurisdictions are permitted to take part in joint operations with local law enforcement officers, and Deputy Broce was not the officer who effected the traffic stop in this case nor did he arrest or otherwise seize Petitioner. Further, Petitioner's argument rests on his interpretation of South Carolina Code § 23-1-210 and § 23-23-40, which he asserts were violated. The South Carolina courts, considering the undisputed fact that Deputy Broce assisted Officer Blair with the traffic stop, determined the statutes were not violated. (Dkt. No. 12-2 at 124–25.) This Court does not review for legal error state courts' decisions on questions of state law.

The Magistrate Judge recommends Petitioner's claim that counsel was ineffective for "failing to interview and investigate the states witness" should be dismissed for the same reasons Petitioner's claim in ground one trial counsel was ineffective for failing to research and investigate the facts of the case. The Court agrees. Petitioner does not suggest how investigation of Georgia deputy sheriffs possibly could have led to evidence beneficial to the defense and therefore Petitioner cannot satisfy the *Strickland* prejudice prong for this claim.

**D.     Ground Four**

In ground four, Petitioner asserts trial counsel was ineffective for failing to object to inadmissible hearsay and character evidence testimony. The Magistrate Judge recommends that Petitioner procedurally defaulted this claim because the PCR judge did not rule on the claim and Petitioner failed to file a Rule 59(e), SCRE motion seeking a ruling. The Court agrees. Petitioner raised this issue in his PCR application and in his *pro se* brief in support of a writ of certiorari appealing the denial of PCR, but it was never ruled upon. Petitioner therefore has defaulted this claim and it cannot be considered by this Court unless Petitioner can show both cause and prejudice sufficient to excuse the default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

The Court also agrees Petitioner has not shown sufficient cause and prejudice to excuse the default. To show prejudice, Petitioner must show a reasonable probability that the result of the proceeding would have been different. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996). He cannot meet that standard because the asserted ground for relief is entirely without merit. Petitioner argues Officer Blair's trial testimony that Petitioner was "sweating profusely" while Officer Blair and Deputy Broce searched his vehicle was hearsay and improper character evidence. (Dkt. No. 6-1 at 10.) Of course, testimony reporting the witness's own perception of a particular event is neither hearsay nor character evidence.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 24) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 13), and **DISMISSES** the petition for habeas relief (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 9, 2017
Charleston, South Carolina